**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**

| | |
|---|---|
| KOREY A. ALWOOD, ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | 1:05-cv-1039-RLY-WTL |
| ) | |
| RICHARD WALKER, ) | |
| ) | |
| Defendant. ) | |

**Entry Discussing Complaint and Dismissing Action**

This case is before the court on plaintiff Korey Alwood's civil rights complaint and on his request to proceed *in forma pauperis*. Alwood asserts in his complaint that his court-appointed attorney in Alwood's appeal from a criminal conviction in an Indiana state court has not followed Alwood's instructions regarding that representation and the preparation of arguments in the pending appeal. Alwood seeks an order prohibiting the defendant from including certain arguments in an appellate argument and an order requiring the defendant to immediately withdraw from the appeal and seek an extension of time in the Indiana Court of Appeals until that Court acts on the motion to withdraw.

Alwood's request to proceed *in forma pauperis* is **granted.** The assessment of even a partial initial filing fee is not feasible at this time.

The complaint contains a claim which is legally insufficient. Accordingly, the action must be dismissed pursuant to 28 U.S.C. § 1915A(b). This conclusion rests on the fact that the defendant has not acted and does not act under color of state law in representing Alwood. *Kurowski v. Krajewski,* 848 F.2d 767, 769 (7th Cir.) (citing *Polk County v. Dodson,* 454 U.S. 312, 325 (1981)), *cert. denied,* 488 U.S. 926 (1988); *Cornes v. Munoz,* 724 F.2d 61 (7th Cir. 1983). Action "under color of state law" is one of the essential elements of a claim pursuant to 42 U.S.C. § 1983, which is the claim Alwood asserts here.

Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: _____